**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:16-CR-19-TLS |
| | ) | |
| LATWON FORD | ) | |

**OPINION AND ORDER**

The Government charged the Defendant, Latwon Ford, with two Counts of Hobbs Act robbery, in violation of 18 U.S.C. §§ 1951(a) and (b) (Counts 1 and 2) and a Count of brandishing a firearm during a robbery, in violation of 18 U.S.C. § 924(c) (Count 3). Count 2 serves as the underlying offense for Count 3. The Defendant entered into a Plea Agreement [ECF No. 27] on January 10, 2017, and is now awaiting sentencing [ECF No. 63].

Pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B)(v), this matter is before the Court on the Defendant's Motion to Dismiss [ECF No. 58] Count 3 of the Indictment, filed on August 3, 2017, for failure to state an offense. He brings this Motion notwithstanding the Seventh Circuit's decision in *United States v. Rivera*, 847 F.3d 847 (7th Cir. 2017) and this Court's March 15, 2016 decision in *United States v. Smith*, No. 1:15-CR-42, ECF No. 80 (N.D. Ind. Mar. 15, 2016), addressing the same issues. The Defendant maintains that Hobbs Act robbery, 18 U.S.C. § 1951(a), cannot be a predicate offense for a § 924(c) conviction because the statute does not have as an element the use, attempted use, or threatened use of force and because the residual clause of § 924(c)(3)(B) is unconstitutionally vague under *Johnson v. United States*, 135 S. Ct. 2551 (2015). The Court disagrees and denies the Defendant's Motion to Dismiss.

**STANDARD OF REVIEW**

To be sufficient, an indictment must "be a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). It must also cite to the applicable statute. *Id.* The Seventh Circuit has stated that an indictment "must fulfill three distinct functions. First, the indictment must state all of the elements of the crime charged; second, it must adequately apprise the defendant of the nature of the charges so that he may prepare a defense; and third, it must allow the defendant to plead the judgment as a bar to any future prosecutions for the same offense." *United States v. Smith*, 230 F.3d 300, 305 (7th Cir. 2000).

A defendant may allege that an indictment is defective for "failure to state an offense." Fed. R. Crim. P. 12(b)(3)(B)(v). "Challenging an indictment is not a means of testing the strength or weakness of the government's case, or the sufficiency of the government's evidence." *United States v. Moore*, 563 F.3d 583, 586 (7th Cir. 2009) (quoting *United States v. Todd*, 446 F.3d 1062, 1067 (10th Cir. 2006)). "To successfully challenge the sufficiency of an indictment, a defendant must demonstrate that the indictment did not satisfy one or more of the required elements and that he suffered prejudice from the alleged deficiency." *United States v. Vaughn*, 722 F.3d 918, 925 (7th Cir. 2013) (citing *United States v. Dooley*, 578 F.3d 582, 589–90 (7th Cir. 2009)). Ultimately, the question on a motion to dismiss is not whether the indictment alleges sufficient facts from which a jury could find guilt, but rather whether the government conceivably could produce such evidence at trial. *United States v. Castor*, 558 F.2d 379, 384 (7th Cir. 1977).

**ANALYSIS**

The substantive crime of violence for which a person may be prosecuted is identified in the Defendant's § 924(c) charge. *See Davila v. United States*, 843 F.3d 729, 731 (7th Cir. 2016) (noting that a § 924(c) offense is a stand-alone crime for which no underlying conviction needs to be obtained). Here, the Indictment identifies the predicate crime of violence as a Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a).

A defendant commits Hobbs Act robbery if he:

obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section.

18 U.S.C. § 1951(a). "Robbery," in turn, is defined as:

the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property, or property in his custody or possession, or the person or property of a relative or member of his family or of anyone in his company at the time of the taking or obtaining.

18 U.S.C. § 1951(b)(1).

Section 924(c) requires the imposition of one of a series of mandatory minimum terms of imprisonment upon conviction for misconduct involving a firearm and the commission of a federal crime of violence or a federal drug trafficking crime. As it relates to this case, to sustain a conviction under 18 U.S.C. § 924(c), the Government must prove that (1) during and in relation to a "crime of violence" (2) the Defendant used or carried a firearm, or possessed a firearm in furtherance of the "crime of violence." Section 924(c)(3) defines a "crime of violence" as "an offense that is a felony and (1) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (2) that by its nature, involves a

substantial risk that physical force against the person or property of another may be used in the course of committing the offense." Section 924(c)(3)(A) is referred to as the "force clause," while § 924(c)(3)(B) is called the "residual clause."

The Defendant argues that the holding in *Johnson* necessarily rendered the residual clause of § 924(c)(3)(B) unconstitutionally vague. That argument has merit. *See United States v. Cardena*, 842 F.3d 959, 996 (7th Cir. 2016) (holding that the residual clause in 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague). However, it is not necessary to rely on the residual clause in this case because Hobbs Act robbery under § 1951(a) is a crime of violence under the force clause.

Recent authority from the Seventh Circuit is controlling. In *United States v. Anglin*, 846 F.3d 954 (7th Cir. 2017), the Seventh Circuit joined an "unbroken consensus of other circuits" when it ruled that "Hobbs Act robbery is a 'crime of violence' within the meaning of § 923(c)(3)(A)." 846 F.3d at 965 (citing *United States v. Hill*, 832 F.3d 135, 140–44 (2d Cir. 2016); *In re St. Fleur*, 824 F.3d 1337, 1340 (11th Cir. 2016); *United States v. Howard*, 650 F. App'x 466, 468 (9th Cir. 2016); *United States v. Robinson*, 844 F.3d 137, 141–44 (3d Cir. 2016)). The Defendant argues that Hobbs Act robbery can be achieved at least in some circumstances through a threat to cause bodily injury that does not require "violent force," such as poisoning. Thus, he argues, "fear of injury" does not satisfy the definition because it is not equivalent to using or threatening to use force.

The Defendant's arguments are foreclosed by the decision in *Anglin* and the precedent on which it relies. There, the Seventh Circuit noted that the relevant definition of Hobbs Act robbery, the Defendant's predicate offense, is the "taking of personal property 'by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or

property.'" 846 F.3d at 965 (quoting 18 U.S.C. § 1951(b)). The court found that "[c]ommitting

such an act necessarily requires using or threatening force." *Id.* The Seventh Circuit has

explicitly rejected the argument that putting a person in fear of injury does not involve the use,

attempted use, or threatened use of physical force against the person of another. *See, e.g.*, *Rivera*,

847 F.3d at 849; *Anglin*, 856 F.3d at 865; *United States v. Armour*, 840 F.3d 904, 907 (7th Cir.

2016).

Other federal courts have reached the same conclusion even in light of the "fear of

injury" prong and all its accompanying arguments. *See, e.g.*, *United States v. McNeal*, 818 F.3d

141, 157 (4th Cir. 2016) ("[B]ank robbery under 18 U.S.C. § 2113(a) is a 'crime of violence'

within the meaning of the force clause of 18 U.S.C. § 924(c)(3), because it 'has as an element the

use, attempted use, or threatened use of physical force'—specifically, the taking or attempted

taking of property 'by force and violence, or by intimidation.' Because bank robbery is a lesser-

included offense of § 2113(d) armed bank robbery, armed bank robbery is also a crime of

violence under the force clause."); *Johnson v. United States*, 779 F.3d 125, 128–30 (2d Cir.

2015) (identifying bank robbery and armed bank robbery as "crimes of violence" that may serve

as a predicate for a § 924(c) conviction); *see also United States v. Crawford*, No. 3:15-CR-70,

2016 WL 320116, at *3 (N.D. Ind. Jan. 27, 2016) (collecting cases and holding post-*Johnson*

that federal bank robbery is a crime of violence under the force clause); *United States v.

Carpenter*, No. 13 CR 930, 2016 WL 878631, at *1–3 (N.D. Ill. Mar. 8, 2016) (same); *United

States v. Mitchell*, No. 15-CR-47, 2015 WL 7283132, at *2–3 (E.D. Wis. Nov. 17, 2015) (same).

The Court, having reviewed the opinions in these cases, agrees with their reasoning and

conclusions and likewise finds that Hobbs Act robbery categorically meets the definition of a

crime of violence under 18 U.S.C. § 924(c)(3)(A). Having made this determination, the Court

need not address the residual clause.

## CONCLUSION

For the reasons stated above, the Court DENIES the Defendant's Motion to Dismiss

Count 3 Pursuant to Fed. R. Crim. P. 12(b)(3)(B)(v) [ECF No. 58].


SO ORDERED on September 22, 2017.

s/ Theresa L. Springmann
CHIEF JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
