# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:16-CR-19-TLS |
| | ) | |
| LATWON FORD | ) | |

**OPINION AND ORDER**

The Government charged the Defendant, Latwon Ford, with two Counts of Hobbs Act robbery, in violation of 18 U.S.C. §§ 1951(a) and (b) (Counts 1 and 2) and a Count of brandishing a firearm during a robbery, in violation of 18 U.S.C. § 924(c) (Count 3). Count 2 serves as the underlying offense for Count 3. The Defendant entered into a Plea Agreement [ECF No. 27] on January 10, 2017, which the Court accepted on February 6, 2017 [ECF No. 34]. The probation officer assigned to this case drafted a Pre-Sentence Investigation Report (Draft PSR, ECF No. 39) on March 29, 2017. On April 13, 2017, the Defendant filed an Objection [ECF No. 43] to the PSR, taking the position that a sentencing enhancement was improperly applied for brandishing a firearm. It is the Defendant's position that he only used or carried, not brandished, a firearm during the robbery at issue in Count 2. No changes were made to the PSR regarding the sentencing enhancements in response to this objection. Based on intervening Seventh Circuit authority regarding binding admissions in plea agreements, the Defendant withdrew his Objection on August 14, 2017 [ECF No. 59]. A Revised Final PSR [ECF No. 67] was entered on October 26, 2017, and the Third Addendum [ECF No. 68] to the PSR reflects the withdrawal of the Defendant's Objection.

On December 12, 2017, the Defendant filed a Motion for Hearing [ECF No. 77], requesting an evidentiary hearing to determine whether he in fact brandished a firearm during the

course of the robbery, which the Court construed as a renewal of his Objection. (*See* ECF No. 78.) The Government responded [ECF No. 79] on December 14, 2017, objecting to the Defendant's Motion, and the Defendant filed his Reply [ECF No. 82] on January 26, 2018. This matter is now fully briefed and ripe for review.

**ANALYSIS**

The Defendant argues that he did not knowingly plead to brandishing a firearm and contends that he pled only to carrying a firearm during the commission of the robbery charged in Count 2. If the Court finds that he did knowingly plead to brandishing a firearm, the Defendant alternatively requests to withdraw his plea agreement.

**A.     Brandishing Charge**

Count 3 of the Indictment charges the Defendant with "knowingly brandish[ing], carr[ying], and us[ing] a firearm during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, that being obstructing and affecting commerce by robbery in violation of 18 U.S.C. § 1951, as alleged in Count 2; All in violation of 18 U.S.C. § 924(c)." (*See* Indict. 3, ECF No. 1.) In his Plea Agreement, the Defendant agreed in relevant part to "plead guilty to Counts 1, 2, and 3 of the Indictment charging me with . . . brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c) (Count 3), because I am, in fact, guilty of [this] offense[]." (Plea Agrmnt. ¶ 8(a), ECF No. 27.)

The Defendant makes two arguments in support of his claim that he did not knowingly plead to the brandishing charge. First, the Defendant argues that the Indictment and the Plea Agreement reference § 924(c) generally and do not indicate that he was being specifically

charged with brandishing under § 924(c)(1)(A)(ii). The Defendant further argues that he could not reasonably surmise that he was being charged specifically with brandishing because the language used in the Indictment and the Plea Agreement can be found in multiple places in § 924(c). Second, the Defendant argues that during his change of plea hearing, he did not admit to brandishing, and when he agreed to the Government's recitation of the facts and evidence, he misunderstood the proceeding, believing that the Government's recitation was what it *thought* it would offer at trial, not what facts would be conclusively admitted as true.

### *1. Indictment and Plea Agreement*

The Court will first address the argument that the Indictment and Plea Agreement did not properly specify under what section of § 924(c) the Defendant was being charged. An indictment must "adequately apprise a defendant of the charge against him so that he can prepare his defense." *United States v. Hinkle*, 637 F.3d 1154, 1157 (7th Cir. 1981). Section 924(c) provides in relevant part:

> [A]ny person who, during and in relation to any crime of violence or drug trafficking crime . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime—
> (i) be sentenced to a term of imprisonment of not less than 5 years;
> (ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less that 7 years[.]

§ 924(c)(1)(A)(ii).

The Court does not agree with the Defendant that the language used in the Indictment and Plea Agreement comes from multiple sections of the statute so as to make the charge and the agreement ambiguous. First, the Indictment and the Plea Agreement specifically reference "brandishing." The term "brandished" does not appear anywhere else in § 924(c) aside from its

definition in § 924(c)(4). Further, the Plea Agreement specifically advised the Defendant that the penalty for Count 3 was "imprisonment of not less than 7 years . . . ." (Plea Agreement. ¶ 8(b).) The only enhancement under § 924(c) that carries a minimum term of imprisonment of 7 years is for brandishing, pursuant to § 924(c)(1)(A)(ii).

Moreover, the Seventh Circuit has found that an indictment does not need to indicate under which subsection a defendant is charged so long as it "(1) states all the elements of the offense charged, (2) informs the defendant of the nature of the charge, enabling the defendant to prepare a defense, and (3) enables the defendant to plead the judgment as a bar to later prosecution of the same offense." *United States v. Allender*, 62 F.3d 909, 914 (7th Cir. 1995) (finding indictment "clearly conform[ed] to the minimal constitutional standards" when it "set forth the charges against [the defendant] using the language of the statute"). In *Kanton v. United States*, the defendant argued that he was charged only with a violation of 18 U.S.C. § 2113, but not with a violation of subsection (d). 345 F.2d 427 (7th Cir. 1985). However, the Seventh Circuit noted that "section 2113 defines and declares one crime, but, in fixing punishments, it outlines a sliding scale which permits the court to fix the punishment to fit the crime." *Id.* at 428. Citing its decision in *Colquette v. United States*, 216 F.2d 591 (7th Cir. 1954), the Seventh Circuit opined that rendering an indictment void merely because the subsection was omitted under these circumstances "would require an unjustifiable surrender to insistence on form to the exclusion of substance." *Id.* at 429. Likewise, § 924(c) defines and declares one crime, but outlines a sliding scale which permits the Court to fix the punishment to fit the crime, and voiding the Indictment based on the omission of a specific reference to a subsection of the statute would elevate form over substance. Thus, the Court finds that the Indictment and the Plea Agreement properly set forth the charge of brandishing.

## 2. *Change of Plea Hearing*

The Court now turns to the Defendant's argument that during his change of plea hearing, he did not actually admit to the charge of brandishing. When asked to describe his conduct in connection with the charges that made him believe he was guilty, the Defendant stated:

> On January the 20th, 2016, I robbed the Dollar General store in Leo, Indiana. I took money from a Dollar General employee against her will. When I robbed the Dollar General store, I was armed with a firearm. I had the firearm with me when I went in the store.

Thus, the Defendant argues, he admitted only to having a firearm with him during the robbery and did not admit to brandishing.

"It is not necessary, however, that the defendant state in his own words the factual basis." *United States v. Lovelace*, 683 F.2d 248, 251 (7th Cir. 1982) (citing *United States v. Madrigal*, 518 F.2d 166, 167 (7th Cir. 1975)). And, the Magistrate Judge in this case went to great lengths to ensure that the Defendant understood the charges to which he was pleading guilty, including the charge of brandishing, advising him of "the nature of the charge, the statutory maximum penalties, the trial rights he was giving up, the role of the sentencing guidelines, and the consequences of the appeal waiver." *United States v. Corn*, 669 F. App'x 300, 301 (7th Cir. 2016). The Government also provided a detailed recitation of the facts, including that the Defendant brandished a handgun, to which the Defendant agreed. *See United States v. Blalock*, 321 F.3d 686, 689 (7th Cir. 2003) ("[W]e believe that the court's explication of the charge . . . coupled with the prosecution's recitation of the factual basis for the charge . . . were sufficient to ensure that [the defendant] knew and understood the nature of the offense to which he was pleading guilty."); *United States v. Dabney*, 414 F. App'x 869, 872 (7th Cir. 2011) ("At his plea hearing, however, [the defendant] agreed with the government's contention . . . and acknowledged that the government would be able to produce evidence of that at trial. These

5

admissions are sufficient to establish a factual basis for the [charge]."); *United States v. LeDonne*, 21 F.3d 1418, 1424 (7th Cir. 1994) ("[A] sufficient factual basis can be found even when the court engages in the most rudimentary questioning of the defendant if the indictment and statement of the prosecution's evidence are sufficiently specific to make clear to the defendant exactly what is being admitted.") (citation omitted). Thus, the Court finds that the Defendant admitted to brandishing a weapon during the commission of the robbery charged in Count 2.

B.  **Withdrawal of Guilty Plea**

At the end of his reply brief, the Defendant alternatively requests that the Court permit him to withdraw his guilty plea. However, the Defendant has not filed a motion to withdraw his plea, and this issue has not been fully briefed by the parties. Given the Court's ruling on the Defendant's Objection to the PSR, should the Defendant still wish to withdraw his plea, he may file an appropriate motion with the Court, and the Court will consider his request after it is fully briefed.

## CONCLUSION

For the reasons stated above, the Court DENIES the Defendant's Motion for Hearing [ECF No. 77].

SO ORDERED on February 9, 2018.

     s/ Theresa L. Springmann
CHIEF JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT