# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CAUSE NO.: 1:16-CR-19-TLS-SLC |
| | 1:19-CV-343-TLS |
| LATWON L. FORD | |

## OPINION AND ORDER

This matter is before the Court on a Motion to Correct Sentence Under 28 U.S.C. § 2255 [ECF No. 107], filed by Defendant Latwon L. Ford on August 6, 2019. Defendant is serving a sentence for attempting to interfere with commerce by robbery in violation of 18 U.S.C. § 1951(a) and (b) on two separate occasions (Counts 1 and 2) and for brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c) (Count 3). For purposes of the § 924(c) conviction in Count 3, the crime of violence was the Hobbs Act robbery set forth in Count 2. Defendant now seeks to vacate his conviction and sentence under § 924(c) based on the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019). For the reasons set forth below, the Court DISMISSES the motion.

## BACKGROUND

After pleading guilty to Counts 1, 2, and 3 of the Indictment, Defendant was sentenced to 51 months on Counts 1 and 2 to run concurrently and 84 months on Count 3 to run consecutively to the sentence on Counts 1 and 2. [ECF No. 93]. The judgment of conviction was entered on June 28, 2018. *Id.* On July 16, 2018, Defendant filed a notice of appeal [ECF No. 94], and the appeal was dismissed on May 17, 2019. Defendant filed the instant motion pursuant to § 2255 on August 5, 2019.

**ANALYSIS**

Under 28 U.S.C. § 2255(a), a prisoner may move the sentencing court to vacate, set aside, or correct a sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts provides that, upon preliminary consideration by the judge who received the motion, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." Rule 4(b), Rules Governing Section 2255 Proceedings.

In his motion, Defendant argues only that his conviction under 18 U.S.C. § 924(c) should be vacated in light of the Supreme Court decision in *United States v. Davis*, 139 S. Ct. 2319 (2019), which held that the residual clause in 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague. Section § 924(c)(1) establishes the penalties for using or carrying a firearm in furtherance of a "crime of violence or drug trafficking offense." *See* 18 U.S.C. § 924(c)(1)(A). Section § 924(c)(3) then defines "crime of violence" as an offense that is a felony and either "(A) has an element the use, attempted use, or threatened use of force against the person or property of another," ("elements clause") or "(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense" ("residual clause"). 18 U.S.C. § 924(c)(3). Defendant reasons that his conviction under § 924(c) must be vacated in light of *Davis* because "he does not have a predicate crime of violence," arguing that his Hobbs Act conviction under 18 U.S.C. § 1951(a) and (b) in Count 2

does not "ha[ve] as an element the use, attempted use, or threatened use of physical force against the person or property of another" as required by the elements clause of 18 U.S.C. § 924(c)(3)(A). Def.'s Mot. to Correct Sentence p. 4, ECF No. 107.

The problem with this argument is that Hobbs Act robbery is a "crime of violence" under the still-valid elements clause in 18 U.S.C. § 924(c)(3)(A). *See Haynes v. United States*, 936 F.3d 683, 690 (7th Cir. 2019) (citing *United States v. Fox*, 878 F.3d 574, 579 (7th Cir. 2017)); *see also United States v. Fox*, 783 F. App'x 630, 632 (7th Cir. 2019). As a result, the holding in *Davis* as to the constitutionality of the residual clause in § 924(c)(3)(B) does not apply to Defendant's § 924(c) conviction based on the predicate Hobbs Act robbery, a crime of violence under the still-valid elements clause in § 924(c)(3)(A). Thus, Defendant is not entitled to the relief sought pursuant to § 2255, and his motion must be dismissed.

## CERTIFICATE OF APPEALABILITY

Under Rule 11(a) of the Rules Governing § 2255 proceedings, the Court issues or denies a certificate of appealability under 28 U.S.C. § 2253(c)(2) when it enters a final order adverse to the applicant. A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Rule 11 of Rules Governing Section 2255 Proceedings. The substantial showing standard is met when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotation marks omitted). In this case, the Court finds that Defendant has failed to show that reasonable jurists could debate whether his Motion presents a viable ground for relief because *Davis* is not

applicable. Accordingly, the Court declines to issue a certificate of appealability as to the Defendant's Motion.

**CONCLUSION**

For the reasons stated above, the Court DISMISSES the Motion to Correct Sentence Under 28 U.S.C. § 2255 [ECF No. 107]. The Court declines to issue a Certificate of Appealability.

SO ORDERED on January 28, 2020.

s/ Theresa L. Springmann<br>CHIEF JUDGE THERESA L. SPRINGMANN<br>UNITED STATES DISTRICT COURT