UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO.: 1:16-CR-19-HAB |
| | ) | |
| LATWON FORD | ) | |

**OPINION AND ORDER**

Ford committed two violent Hobbs Act robberies in June 2015 and January 2016. For this conduct and his flight from the scene, he was charged in a three-count indictment with two counts of Hobbs Act Robbery (18 U.S.C. §1951(a) and (b)) and one count of brandishing a firearm during and in relation to a crime of violence (18 U.S.C. §924(c)). Ford pleaded guilty to all three counts. A presentence investigation report was prepared and after guidelines enhancements, Ford had a total offense level of 25 and a criminal history category II. His guideline range for the Hobbs Act offenses was 63-78 months with a consecutive 7-years on the gun count. (PSR, ECF No. 67, ¶¶ 27-39). District Judge Theresa Springmann sentenced Ford to a below guidelines sentence of 51 months on the robbery counts to run concurrent to each other and consecutive to an 84-month sentence on the gun count, for a total term of imprisonment of 135 months.

Before the Court is a letter from Latwon Ford seeking the Court's assistance regarding his BOP placement. Ford seeks an order from this Court compelling the BOP to release him to a Residential Reentry Center ("RRC"), also known as a halfway house, for the remainder of his sentence. (ECF No. 163). Ford's current release date is February 9, 2026. Ford says he was originally scheduled to be placed at an RRC facility in Chicago on February 19, 2025, but he recently learned that due to lack of bed space, he cannot receive placement until December 7, 2025.

He believes his inability to have the full amount of RRC time will harm his efforts to return to society after completing his lengthy sentence.

The Court acknowledges that RRC space is limited and empathizes with Ford's situation. The frustration with available bed space has only been exacerbated by the recent closing of the Michigan City RRC facility in this District. Even so, only the BOP can determine where a sentence is to be served, including placement at an RCC facility. *See* 18 U.S.C. § 3621(b) ("Any order, recommendation, or request by a sentencing court that a convicted person serve a term of imprisonment in a community corrections facility shall have no binding effect on the authority of the Bureau under this section to determine or change the place of imprisonment of that person."); 18 U.S.C. § 3624(c)(1). As a result, the Court does not have the authority to order the BOP to transfer Ford to a RRC facility.

The Court commends Ford for his dedication to his own rehabilitation during his incarceration and for his self-awareness in recognizing that residential reentry is a vital part of his ability to successfully return to society. The Court has inquired on the bed space at RRC areas in our and surrounding districts on Ford's behalf. It is the Court's sincere hope that the BOP can place Ford in an RRC facility as soon as possible to ease his transition back to society.

Given the Court's lack of authority on this issue, Ford's request in his letter (ECF No. 163) is DENIED.

SO ORDERED on April 7, 2025.

s/ *Holly A. Brady*
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT